**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4721**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FARONTE ANTONIO MCDUFFIE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, Chief District Judge.  (5:08-cr-00255-D-1)

Submitted:  May 23, 2017                                      Decided:  May 25, 2017

Before KING, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, First Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Donald R. Pender, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Faronte Antonio McDuffie appeals the district court's judgment revoking his supervised release and imposing a sentence of 24 months of imprisonment. We affirm.

Because McDuffie did not challenge in the district court whether the court erred in classifying his marijuana-related conduct as a Grade A supervised release violation, we review this issue for plain error. *See United States v. McNeal*, 818 F.3d 141, 148 (4th Cir. 2016).

Conduct constituting a controlled substance offense is a Grade A supervised release violation. U.S. Sentencing Guidelines Manual § 7B1.1(a)(1)(ii) (2016). A "controlled substance offense" is defined as an offense punishable by imprisonment of more than one year prohibiting, among other things, possession of a controlled substance with intent to distribute. USSG § 4B1.2(b). Under North Carolina law, marijuana is a Schedule VI controlled substance. N.C. Gen. Stat. § 90-94(1) (2015). Possession of a Schedule VI controlled substance with intent to sell and deliver is a Class I felony. N.C. Gen. Stat. § 90-95(a), (b)(2) (2015). A Class I felony is punishable by imprisonment of up to 13 months. N.C. Gen. Stat. § 15A-1340.17(c), (d) (2015).

McDuffie was charged with possession of marijuana with intent to sell and deliver, in violation of North Carolina law, and the district court found that McDuffie's conduct supported the charge. Thus, we conclude that the district court did not plainly err in classifying McDuffie's marijuana-related conduct as a Grade A supervised release violation. *See McNeal*, 818 F.3d at 148.

2

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*